GRIMM, Trustee, Appellant, vs. BAYFIELD COUNTY and another, Respondents.

*March 10—April 5, 1921.*

*Taxation: Action to cancel tax certificates: Irregularities in assessment and levy: Mistake of town clerk in warrant: Directing payment of excessive amounts to county: Evidence: Record of town meeting: Parol evidence to show motion carried: To show date of meeting: Proof of population of town.*

1. Where the records of a town meeting, kept by the town clerk under sec. 60.16, Stats., showed that a motion was made and seconded, without showing what became of the motion, parol evidence was admissible to show that the motion was carried.

2. Where such records stated that the annual meeting was held April 5th, though the meeting was required by law to have been held on April 3d, parol evidence was admissible to show that no town containing less than 500 inhabitants shall collect notation in the record that the "annual meeting" was held April 5th contained inconsistent statements, making the record on its face worthless as evidence.

3. While the court may take judicial notice of the federal census, the population of a town, under sec. 1240, Stats., providing that no town containing less than 500 inhabitants shall collect a highway tax of more than $2,000, is not determined by the preceding federal census, but by the number of inhabitants when the tax is sought to be levied, and is a fact to be proved in the same manner as any other fact; and a taxpayer who claimed that the highway tax of a town was invalid because the population of the town was less than 500 had the burden of proving that fact.

4. The fact that the town clerk inserted erroneous amounts which were to be paid to the county treasurer in the blank spaces in the warrant attached to the tax roll when delivered to the town treasurer, under sec. 1081, Stats., did not affect the validity of the tax, such error relating only to the distribution of the money after collection of the tax.

5. The amount to be paid to the county treasurer for state and county taxes is legally determined, and a mistake made by the town clerk or town treasurer, or any other official, in that respect would not be binding on the town and is of no consequence to the taxpayer, since it will not be presumed that the county treasurer would receive from the town treasurer more than the amount levied against the town, and, if he did so, the county would acquire no title to the funds and they could be recovered by the town.

APPEAL from a judgment of the circuit court for Bayfield county: G. N. RISJORD, Circuit Judge. *Affirmed.*

Plaintiff is the owner of 26.59 per cent. of the real estate in the town of Bell, *Bayfield County.* He failed to pay his taxes on said real estate for the year 1917. The lands were returned as delinquent, sold at tax sale, and tax certificates issued thereon. This action was brought to cancel said tax certificates on the grounds of fundamental irregularities in the assessment and levying of the tax. Subsequent to the commencement of the action he paid to the county treasurer

of *Bayfield County* the total amount of the taxes so levied, as required by the provisions of sec. 1210*h*—1, Stats. The circuit court held that the sum of $92.31 was unlawfully assessed against said lands and rendered judgment in plaintiff's favor for that amount. From the judgment so entered plaintiff appealed.

For the appellant the cause was submitted on the brief of *John J. Fisher* of Bayfield.

For the respondents there was a brief by *Walsh & Morris* of Washburn, and oral argument by *Charles F. Morris.*

Owen, J. Sec. 60.16, Stats., provides that the town clerk shall be the clerk of the town meeting and keep faithful minutes of the proceedings thereof. The minutes kept by the town clerk of the annual town meeting held in the town of Bell for the year 1917 are headed as follows:

"Annual meeting, Cornucopia, Wisconsin, held at school house, April 5, 1917."

The minutes also contained the following:

"It was moved and seconded that the appropriation on highway be $2,500, general $1,000."

The annual town meeting for the year 1917 was required by law to be held on April 3d. Plaintiff contends that the minutes of the town clerk conclusively show that it was held on April 5th and was therefore unlawful. He further contends that the motion above stated is not shown to have been put or carried, consequently furnished no basis for the levying of a highway tax to the amount of $2,500 or a general tax to the amount of $1,000. Parol evidence was received to the effect that the annual town meeting was in fact held on April 3d and that the motion above stated was put and carried, and the court so held. The reception of such evidence is assigned as error.

"The authorities are not in harmony as regards whether evidence *aliunde* the official record is permissible to show proceedings of a public governing body, where the law requires such a record to be kept. The rule here is that such evidence is not admissible where the effect thereof will be to vary or contradict the record, but may otherwise be received for the purpose of showing occurrences which, through oversight or some other cause, were not recorded." *Chippewa B. Co. v. Durand,* 122 Wis. 85 (99 N. W. 603) at p. 103.

In the instant case the record failed to show what became of the motion which was duly seconded. The parol evidence simply showed that it was carried. This was an occurrence which through oversight or some other cause was not recorded, and, clearly, the evidence was admissible under the rule above stated.

The law required the annual town meeting for the year 1917 to be held on the 3d day of April. The minutes of the town clerk indicated that it was held on April 5th. The notation, "Annual meeting, Cornucopia, Wisconsin, held at school house, April 5, 1917," at the head of the minutes, contained inconsistent statements. If it were the annual town meeting it could not have been held on April 5th; and if held on April 5th it could not have been the annual town meeting. It is apparent, therefore, that the clerk erred in one or the other respect. The record demonstrates upon its face its worthlessness as evidence. To deny the admission of parol evidence is to halt the inquiry and to confess the impotency of courts to ascertain the truth. We hold that parol evidence was admissible to show on what date the annual town meeting was in fact held. There was no error in receiving the parol evidence to show the actual date of the annual town meeting, or that the motion providing for the levying of the tax was in fact put and carried.

Sec. 1240, Stats., provides "that no town containing less than five hundred inhabitants shall levy or collect in any year a highway tax of more than $2,000." Appellant contends that the town of Bell contained less than 500 in-

habitants. The record is barren of any evidence showing or tending to show the population of the town of Bell during the year 1917. The federal census for the year 1910 showed that the population of the town at that time was 263. While the court may take judicial notice of the federal census (*State ex rel. Att'y Gen. v. Cunningham,* 81 Wis. 440, 510, 51 N. W. 724), the census taken in 1910 throws no light on the population of the town in 1917. The statute does not provide the manner in which the population of the town shall be determined, and it was pointed out in *Menasha W. W. Co. v. Winter,* 159 Wis. 437, 150 N. W. 526, that it is a fact to be proved as any other fact. In this case the plaintiff challenges the right of the town to appropriate more than $2,000 for highway purposes. The burden, therefore, was upon him to show that the town contained less than 500 inhabitants. There being a failure of proof in this respect, there is nothing in the record, nor is there anything of which the court may take judicial notice, which would justify an affirmative finding in this respect. It follows that the illegality of the highway taxes has not been established.

Sec. 1081, Stats., prescribes the form of warrant which the clerk is required to attach to the tax roll when delivered to the town treasurer. As to the distribution of moneys, it directs the town treasurer as follows:

"After deducting your fees, you are first to pay to the treasurer of said county, on or before the first Monday in March next, the sum of ―― for state taxes; you are to retain and pay out as town treasurer, according to law, the sum of ――, and the balance of said moneys you are required to pay to said treasurer for county purposes, on or before the twenty-second day of March, by which day you are further required to make return to said treasurer of this warrant, with said roll annexed."

The town clerk committed manifest errors in inserting in the blank spaces the amounts which were to be paid to the county treasurer. It is claimed by appellant that this error on the part of the town clerk invalidates the tax. Clearly it

has nothing to do with the validity of the tax, but relates only to the distribution of the money after the tax is collected. The direction of the town clerk to the town treasurer to pay an excessive amount to the county treasurer for state and county taxes does not amount to an unalterable disposition of the moneys. The amount to be paid to the county treasurer for state and county taxes is legally determined, and a mistake made by the town clerk, or town treasurer, or any other official in that respect would not be binding on the town, and is of no consequence to the taxpayer. In the first place it is not to be presumed that the county treasurer would receive from the town treasurer more than the amount levied against the town. In the second place, if he did do so, the county would acquire no title to the funds and they could be recovered by the town. This contention on the part of appellant is entirely unavailing.

We have deemed it unnecessary to advert to the irregularities which prompted the trial court to render judgment in favor of the plaintiff for a return of $92.31, as the correctness of that feature of the judgment is not questioned.

The foregoing disposes of the contentions made by appellant to establish his right to a cancellation of the tax certificate or to judgment for a further rebate. We find no error in the disposition which the trial court made of the case, and the judgment should be affirmed.

*By the Court.*—Judgment affirmed.