WALSH and another, Plaintiffs in error, vs. THE STATE, Defendant in error.

*March 10—April 3, 1923.*

*Intoxicating liquors: License to sell non-intoxicating beverages: Proof as to issuance of license: Who may issue: Record: Unlawful search: Use of home as place of sale: Possession of intoxicating liquors in home: Presumption:*

1. Sub. (29), sec. 1543, Stats., authorizing town boards to grant licenses for the sale of non-intoxicating liquors, requires the town board as a board to act upon the application for a license; and proof that the town clerk issued the licenses, without proof of any action on the part of the town board, is insufficient, even though the town treasurer was present when they were issued.

2. Under sub. (1), sec. 60.45, Stats., requiring the town board through its clerk to keep a record of its proceedings, such record is the best evidence of the issuance of a license for the sale of non-intoxicating beverages; and it was error to permit the town clerk to give oral testimony with reference to the issuance of such licenses where no record was produced nor its absence accounted for.

3. If defendants were not licensed to sell non-intoxicating liquors at the time and place in question, a search made of their premises without a warrant and without consent was illegal; and their possession of intoxicating liquor in their homes was not illegal as a matter of law.

4. If a licensee for the sale of non-intoxicating liquors uses a part of his home for their sale, he must refrain from the possession of intoxicating liquors in his home where there are easy means of access from the barroom to the liquor.

5. Where a defendant kept intoxicating liquor in a cupboard in his home, which was separated from the barroom only by a hallway and the dining room, such liquor was kept on the premises, if licensed.

ERROR to review a judgment of the circuit court for Fond du Lac county: E. C. HIGBEE, Judge. *Reversed.*

The defendants were each separately charged with a violation of sec. 1543, Stats., by having on August 9, 1921, in his possession intoxicating liquor on premises licensed to sell non-intoxicating beverages, but by consent the cases were tried together. Search without a warrant and without consent was made in each case. The defense was that there was no proof that the defendants had licenses for the sale of non-intoxicating beverages, and that if intoxicating liquors were found they were not found upon the premises licensed. At the close of the case the court instructed the jury that the proof showed the defendants had licenses for the sale of non-intoxicating beverages covering the time and premises in question. This instruction is claimed to be erroneous because (1) there is no competent proof of the issuance of lawful licenses, and (2) the court held as a matter of law that the place where the intoxicating liquor was found was a part of the licensed premises. Defendants were found guilty and were duly sentenced. To test the validity of the judgment they sued out a writ of error.

For the plaintiffs in error there was a brief by *Reilly & O'Brien* of Fond du Lac, and oral argument by *J. E. O'Brien.*

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *James Murray,* district attorney of Fond du Lac county, and oral argument by *Mr. Murray* and *Mr. Messerschmidt.*

VINJE, C. J. The evidence as to the defendants being licensed is in substance as follows: The town clerk after having been sent home for his records was allowed to

testify over proper objection that he made out their applications for licenses on the 8th day of July, 1921; that the town treasurer was there; that he let them sign (presumably the applications) and that he handed them the licenses. The applications together with a receipt for the license fee, to be returned in case no license was granted, were received in evidence, but no further record evidence was produced.

Sub. (29), sec. 1543, Stats., provides that "town boards . . . may grant licenses to such persons as they deem proper for the sale of non-intoxicating liquors." This means that the town board as a board must act upon the application for a license and determine whether or not the applicant is a proper person to license. This is not shown to have been done in this case. On the contrary, the only inference is that the town clerk issued the licenses without any action on the part of the town board. The fact that the town treasurer was there does not change the inference. And if the licenses were not handed to the defendants July 8, 1921, then there is no evidence as to when they were delivered. It may have been after August 9, 1921, when the search was made. But in addition the fatal defect in the evidence is that it was not competent because not the best evidence. The town board through its clerk is required to keep a written record of its proceedings (sec. 60.45), and such record would show whether or not licenses were granted to the defendants for the year 1921. No such record was produced nor its absence accounted for. Under such circumstances it was error to permit the clerk to give oral testimony of what was done; and, as before stated, such testimony, even if admissible, was not sufficient to show that valid licenses had been issued to the defendants prior to August 9, 1921.

If defendants were not licensed to sell non-intoxicating liquors at the time and place in question, then the search was illegal because made without a warrant and without consent, and it could not be held as a matter of law that de-

fendants' possession of intoxicating liquor in their homes was illegal.

If the premises were licensed, did the court err in holding as a matter of law that the liquor was found upon licensed premises? In the *Tunn* place the barroom opened directly on one side by a door into the sitting room, which in turn opened into the dining room by a door. The liquor was found in a cupboard in the dining room. The barroom on the other side also opened directly by a door into the kitchen, which in turn opened into the dining room by a door.

In the *Walsh* place the barroom opened into a narrow hallway by a door. From this hallway a door led into the dining room. In a cupboard in a pantry opening into the dining room the liquor was found. We are of the opinion that in both cases the liquor was on the premises, if licensed. If a person engages in the sale of non-intoxicating beverages and uses a part of his home for such purpose, he must refrain from the possession of intoxicating liquors in such home where there are easy means of access from the barroom to the liquor. To hold otherwise would be to allow intoxicating liquors to be on premises licensed for the sale of non-intoxicating beverages under the sanction of a home. The statute makes no exception and we can make none in favor of the home. If a person desires to lawfully keep intoxicating liquor in his home he must sever it from premises licensed for the sale of non-intoxicating beverages. Were he allowed to keep them in a home which is a part of the premises the statute would be valueless in such cases. The court, therefore, correctly held that the liquor found was upon the premises in question, but for the error in admitting the evidence as to the issuance of the licenses the judgment must be reversed.

*By the Court.*—Judgment reversed, and cause remanded for a new trial as to each defendant.