## UNITED STATES v. FREUND.

(District Court, D. Montana. July 6, 1923.)

No. 1055.

1. **Intoxicating liquors ⊜☞2½, New, vol. 8A Key-No. Series—Congress can enact measures reasonably calculated to enforce prohibition, if not violative of constitutional rights.**

Under Const. Amend. 18, § 2, as well as under article 1, § 8, Congress has full power to enforce the Prohibition Amendment, and can enact all laws reasonably appropriate to that end, which are not merely arbitrary and unreasonable, and are not clear, unmistakable infringements of rights secured by other constitutional provisions, or unreasonable and unnecessary interferences with property and personal rights.

2. **Constitutional law ⊜☞70(3)—Courts cannot pass on wisdom or necessity of law.**

Courts have no concern with the wisdom or necessity of laws which Congress had power to enact; otherwise the judgment of Congress, which is supreme within its powers, would be subject to review by the courts.

3. **Constitutional law ⊜☞45—Courts must declare invalid laws infringing constitutional restrictions.**

Laws that infringe the requirements of valid congressional enactments are such in name only, and it is the power and duty of the courts so to determine and declare, whenever such enactments are brought within their jurisdiction.

4. **Intoxicating liquors ⊜☞2½, New, vol. 8A Key-No. Series—Property rights and state's police power yield to exercise of federal power.**

The property right of physicians to practice their necessary calling, and the state's police power of regulation of such practice, must yield to the exercise of federal power to enforce the prohibition amendment.

5. **Intoxicating liquors ⊜☞15—Limitation on number of prescriptions physicians can write is unreasonable.**

The provision of the National Prohibition Act and its supplement, prohibiting physicians from issuing more than 100 prescriptions for intoxicating liquor in any period of 90 days; is an arbitrary restriction on the number of patients a physician shall treat, or is an unreasonable mandate to malpractice in respect to some of them, and is invalid.

---

⊜☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**6. Constitutional law ⚖️255—Congress cannot limit amount of alcohol physician can prescribe.**

So long as Congress sanctions the use of alcohol as a remedial agent, it is unreasonable for it to attempt to prescribe the maximum dosage which a physician can prescribe for any patient within a given period of time, so that the provision of the National Prohibition Act and its supplement, limiting the right to prescribe to prescriptions of one-half pint for use within any period of 10 days is invalid, as depriving physicians and patients of their liberty without due process of law, within Const. Amend. 5.

**7. Intoxicating liquors ⚖️15—Requirement physicians shall write prescriptions only on forms provided is valid.**

The requirement of the National Prohibition Act that physicians shall write prescriptions for intoxicating liquors only on forms provided by the commissioner, except in emergencies, with other provisions intended that prevent the abuse of alcohol in the guise of remedies, was appropriate to the prohibition of alcohol as a beverage, and valid.

J. B. Freund was informed against in three counts for violating the provisions of the National Prohibition Act regulating prescriptions by physicians, and he demurs to the information. Demurrer to first and second counts sustained, and that to the third count overruled.

John L. Slattery, U. S. Atty., and Ronald Higgins and W. H. Meigs, Asst. U. S. Attys., all of Helena, Mont.

Walker & Walker and F. A. Silver, all of Butte, Mont., for defendant.

BOURQUIN, District Judge. The information in three counts charges violations of a permit to prescribe intoxicating liquors, to which the physician defendant interposes a general demurrer. His only contention is that the following provisions of the National Prohibition Act (41 Stat. 305) and supplement are invalid, viz. that prohibiting physicians from issuing more than 100 such prescriptions in any period of 90 days, save in extraordinary circumstances (the first count), that prohibiting them from prescribing more than one-half pint of alcohol for use by any person within any period of 10 days (the second count), and that prohibiting prescriptions on other than official forms save in emergency (the third count).

In support of this contention the argument is that to practice medicine is a property right, subject to no police power of regulation but that of the states, that the statutory provisions aforesaid are prohibitory of what the Eighteenth Amendment does not denounce, that they unduly interfere with the judgment of physicians, supplant the latter by an arbitrary, unreasonable, and futile mandate of Congress, impair the liberty of physician and patient, and withhold means and remedies for and jeopardize the health of the people.

[1] The Eighteenth Amendment prohibits intoxicating liquors for beverage purposes. To give effect to and to enforce it, its section 2 as well as section 8, art. 1, of the Constitution vest Congress with full power and duty. In that behalf, as in any other exercise of its powers, Congress can enact all laws and adopt all means reasonably

appropriate or adapted to accomplish prohibition and which in the judgment of Congress will most advantageously do so, provided, always, that there is reasonable relation of means to ends, that the former are not too remote legally, are not mere arbitrary and unreasonable mandates of futility to effect the latter, are not clear, unmistakable infringements of rights secured by other constitutional provisions, which in balance of convenience ought to be upheld, and are not unreasonable, extravagant, unnecessary interferences with property and personal rights.

[2] With the wisdom or necessity of laws and means that measure up to these requirements, courts have no concern. If unwise, the remedy is in appeal to Congress to change them, and not to the courts to nullify them. Otherwise would subject the judgment of Congress, supreme within its powers, to review by the courts, and would overrule it by the judgment of the latter, impossible in constitutional government like America's.

[3] On the other hand, laws and means that infringe the aforesaid requirements of valid congressional enactments are such in name only, are ineffective, unenforceable, and of the concern, power, and duty of the courts to so determine, adjudge, and declare, whenever brought within their jurisdiction.

[4] In so far as the statutory provisions involved affect the property right of physicians to practice their necessary calling, and encroach upon the state's police power of regulation, they are in exercise of federal power, to which property rights and police power always yield. Therein Congress has not undertaken to forbid the use of alcohol as a therapeutic agent, but, even as all legislation brought to the attention of or known to the court, it recognizes the extensive use, if not value, of alcohol in medical practice, the faith of a large part of profession and people therein, and it sanctions its continued use, whether or not it could have prohibited it. This, however, is coupled with regulations and restrictions which in part, it is believed, are arbitrary and unreasonable interferences with the lawful property and personal right of physicians to prescribe alcohol for remedial purposes, and of ailing people to receive it.

[5] They purport to limit a physician to 100 prescriptions for use in any period of 90 days, save for some "extraordinary reason." This is nothing but an arbitrary restriction upon the number of patients a physician shall treat in ordinary course of circumstances, or is an unreasonable mandate to malpractice in respect to them, and is invalid.

[6] So, too, they purport to determine the dosage of alcohol a physician may prescribe, and from him any patient shall receive, viz. not to exceed one-half pint for use within any period of 10 days. If therapeutics were an exact science, if diseases and their courses were of determined diagnosis and invariable prognosis, if patients were constituted alike and affected alike, if remedies could be admeasured by fixed rule, this provision would be valid. But since in respect to all these factors the truth is otherwise, every patient presenting to the physician a different problem for solution, this provision of the statute is invalid.

It is an extravagant and unreasonable attempt to subordinate the judgment of the attending physician to that of Congress, in respect to matters with which the former alone is competent to deal, and infringes upon the duty of the physician to prescribe in accord with his honest judgment, and upon the right of the patient to receive the benefit of the judgment of the physician of his choice. It may be that, even as legislation for reasons of health can compel vaccination, it might in like behalf extend prohibition to alcohol for therapeutical uses. But, so long as legislation tolerates or sanctions such uses of alcohol, the duty and judgment of the physician, the necessity and welfare of the patient, and the right of both, cannot be subjected to arbitrary and unreasonable legislative interference, dictation, and infringement, like the statutory provision last aforesaid.

The physician, with power to begin a course of treatment, must have like power to finish it. His judgment to begin must be unrestricted to conduct and finish. Otherwise may be dangers greater than involved by denial of any power, for the latter might be compensated by substitutes. These statutory provisions to restrain the judgment of physicians in exercise of power to prescribe alcohol deprive physicians and patients of liberty without due process of law, within the meaning of the Fifth Amendment, and are unconstitutional.

[7] No doubt Congress was inspired by consciousness of the well-known abuse of alcohol in the guise of remedies. In that is justification for reasonable regulations, and the statute contains them, viz. that no physician can prescribe alcohol unless he has secured a permit from the Commissioner of Internal Revenue, and has given bond; that he shall prescribe alcohol only in good faith as necessary medicine, and only upon official forms supplied by the Commissioner, except in emergency; and that he shall keep a record thereof. In addition, for violations, not only is the physician subject to criminal penalties, but the Commissioner may revoke the permit and thus deprive him of right to further prescribe alcohol. These regulations are appropriate to the prohibition of alcohol as a beverage, are adapted to that end, and are valid. Of them can be no just complaint. They and their like ought to suffice to restrain therapeutical uses of alcohol within legitimate bounds.

They may fail; nevertheless is no power by virtue of the Eighteenth Amendment to impose regulations and restrictions invalid as aforesaid. If these latter can be fairly claimed to tend to prohibition, if not too remote, they are without congressional power for reasons aforesaid. If a physician cannot be trusted wholly, he should not be trusted partially. If he is disposed to abuse prescription of alcohol, he can do so as well with 100 prescriptions and one-half pint as with more. At most it is a mere difference in degree, wherein the restrictions invalid as aforesaid might seriously affect physician and patient, and little or none prohibition.

It follows that the demurrer to the first and second counts of the information is sustained, and to the third count is overruled.