WIBMER, Plaintiff in error, vs. THE STATE, Defendant in error.

*November 17—December 11, 1923.*

*Intoxicating liquors: License to sell non-intoxicating liquors:*
*Search of licensed premises without warrant.*

1. The acceptance of a license to sell non-intoxicating liquors issued under sub. (30), sec. 1543, Stats. 1921, is an acceptance of the statutory conditions as to inspection by police or prohibition officers of the premises upon which the non-intoxicating liquors are kept, and as to the premises is an implied waiver of the constitutional provision concerning search and seizure. p. 304.

2. A kitchen on the upper floor of a two-story building, the lower floor of which was used for the sale of non-intoxicating liquors, is part of the "premises," within the meaning of sub. (30), sec. 1543, Stats. 1921. p. 304.

ERROR to review a judgment of the municipal court of Milwaukee county: A. C. BACKUS, Judge. *Affirmed.*

Defendant was selling, under license, non-intoxicating beverages in a room on the first floor of a two-story building in the city of Milwaukee, the second story of which she used as a dwelling. Police officers, without a search warrant, found a bottle of intoxicating liquor in such room. The second story, both from the street and from the first floor, was reached by a stairway along the side of the building. She accompanied the officers to the second floor, and in a closed compartment in the kitchen were found eight bottles of intoxicating liquors similar to the one found below.

She was charged with having unlawfully in her possession and control intoxicating liquors contrary to the provisions of sub. (30), sec. 1543, Stats., providing:

"No person having a license for the sale of non-intoxicating liquors . . . shall have in his possession on or about said premises any intoxicating liquor. The commissioner, his deputies or any peace officer may inspect such premises at any reasonable time without warrant."

On the trial and over her objection evidence was received as to the liquor found in the kitchen. Defendant was found guilty by the jury, and from the judgment and sentence thereupon entered she sued out this writ of error.

The cause was submitted for the plaintiff in error on the brief of *A. W. Richter* of Milwaukee, and for the defendant in error on that of the *Attorney General, George A. Shaughnessy*, district attorney of Milwaukee county, and *Samuel E. Gross*, assistant district attorney.

ESCHWEILER, J. It is contended that the liquor found on the second floor, having been so found and seized without search warrant, could not properly be received in evidence over defendant's objection, under the decision of *Hoyer v. State*, 180. Wis. 407, 193 N. W. 89.

The acceptance of the license is necessarily an acceptance of the accompanying statutory conditions, and as to the premises is an implied waiver of the search-and-seizure provision of the constitution discussed in the above ·cited case. The kitchen was clearly a part of the premises for which the license had been obtained, and under the decision in *Walsh v. State*, 180 Wis. 356, 192 N. W. 1004, the conviction must be sustained.

*By the Court.*—Judgment affirmed.