WALSH and another, Plaintiffs in error, vs. THE STATE, Defendant in error.

*January 19—February 12, 1924.*

*Intoxicating liquors: Licenses to sell non-intoxicating liquor: Action of town board: Records of town clerk: Parol evidence.*

1. In a prosecution under sec. 1543, Stats. 1921, for having in possession intoxicating liquors on premises licensed to sell non-intoxicating beverages, testimony of the town clerk that his records disclosed no action of the town board respecting the granting of licenses to defendants rendered secondary evidence of such action admissible. *Walsh v. State,* 180 Wis. 356, distinguished. p. 94.

2. Where the town board agreed to issue licenses to sell non-intoxicating beverages if applied for, and left signed licenses with the town clerk, with instructions to deliver them to defendants should they make application, and the clerk, on the day of a subsequent meeting of the board, issued licenses to them, the acquiescence of the board was tantamount to affirmative action on the applications, and the licenses were legally issued. p. 96.

Error to review a judgment of the circuit court for Fond du Lac county: E. C. Higbee, Judge. *Affirmed.*

For the plaintiffs in error there was a brief by *Reilly & O'Brien* of Fond du Lac, and oral argument by *M. K. Reilly.*

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *James Murray,* district attorney of Fond du Lac county; and the cause was argued orally by *Robert M. Rieser,* deputy attorney general.

Owen, J. Plaintiffs in error, complained of separately, were prosecuted together and convicted of having in possession intoxicating liquors on premises licensed to sell non-intoxicating beverages, contrary to the provisions of sec. 1543, Stats. Upon appeal to this court the judgment was reversed for a failure of proof that the premises upon which the liquor was found were under license for the sale of non-intoxicating beverages. Upon a retrial plaintiffs in error were again convicted, to review which latter conviction the case is again before us upon a writ of error. The sole question involved is whether the proof shows that the premises upon which the liquor was found were·licensed for the sale of non-intoxicating beverages.

It appeared from the testimony of the town clerk that his record disclosed no action of the town board in the matter of granting licenses to the defendants. This was a fact which did not appear upon the former appeal and which was held necessary to justify secondary evidence of the action of the town board. Under such circumstances parol testimony may be received to establish the action of the town board in such respect. *Duluth, S. S. & A. R. Co. v. Douglas Co.* 103 Wis. 75, 79 N. W. 34; *Nehrling v. Herold Co.* 112 Wis. 558, 88 N. W. 614; *Chippewa B. Co. v. Durand,* 122 Wis. 85, 99 N. W. 603; *Grimm v. Bayfield Co.* 174 Wis. 43, 182 N. W. 466. Two members of the town board, the town clerk, and the town treasurer testified upon

this subject.   Their testimony is to the effect that at a meeting of the town board, held on the 27th of June, the matter of granting licenses for the sale of non-intoxicating beverages in the town was discussed.   There were four such licensees in the town, and it was thought that some, if not all, of them would make applications for licenses for the succeeding year, and it was agreed that if plaintiffs in error made application for licenses they would be granted.   The town board signed licenses and left them with the town clerk to be delivered to plaintiffs in error should they make application, it being thought that this would save another meeting of the town board.   The town board was again in session on July 9th, sitting as a board of review.   There were present the three members of the town board, the town clerk, and the town treasurer.   Upon this day plaintiffs in error presented themselves, signed blank applications for licenses, and handed them to the town clerk.   They paid $50 to the town treasurer, took his receipt therefor, presented it to the town clerk, and the town clerk issued and delivered to each of them a license for the sale of non-intoxicating beverages.   Their applications were not discussed on that day by the town board nor was any formal motion or resolution adopted by the town board granting the licenses.   We hold, however, that a formal motion or resolution was not necessary (*Bartlett v. Eau Claire Co.* 112 Wis. 237, 88 N. W. 61), although it was necessary for the town board to act as a board in the granting of the licenses. *Walsh v. State,* 180 Wis. 356, 192 N. W. 1004.   It is apparent that on the 9th day of July the town board knew what was being done; that owing to the fact that on the 27th day of June the matter had been discussed, a conclusion reached, and the town clerk advised of their conclusion, it was not considered necessary to enter into a rediscussion of the applications at that time, and that the members of the town board simply acquiesced in the issuance of the licenses.   The acquiescence of the town board at the meeting on July 9th,

in view of the prior consideration, was tantamount to affirmative action upon the applications. We hold that the licenses were legally issued, and authorized the instruction which the trial court gave to the jury that the evidence was sufficient to show that a license was legally issued to each of the plaintiffs in error. It follows that the convictions cannot be disturbed.

*By the Court.*—Judgment affirmed.