Bombinski, Plaintiff in error, vs. The State, Defendant in error.

*December 15, 1923—March 13, 1924.*

*Intoxicating liquors: Premises licensed for sale of non-intoxicants: Right of search without warrant: Purchase of privately manufactured liquor: Possession: Nuisance: Evidence: Sufficiency.*

1. Where the lower story of a two-story building was used by defendant for a soft-drink parlor under a license for "207 B. street," which was the address of the building, and the upper story was used for defendant's residence, from which by stairways there was free access to the drink parlor, the whole premises, under sub. (30), sec. 1543, Stats. 1921, were subject to search with or without a warrant; and evidence obtained, on a search of the residence, of unlawful possession of illegally manufactured liquor found therein was admissible on the trial. p. 354.
2. A party obtaining a license to sell non-intoxicating liquors in a soft-drink parlor which is so connected with his residence as to make access from one to the other easy is presumed to

have consented to the search of his residence by the authorities; and in permitting his wife to occupy the lower rooms as a licensed drink parlor he is presumed to have known that the whole premises were subject to search and to have consented thereto.    p. 354.

3. The purchase of illegally manufactured liquor was an offense under sub. (7), sec. 1543, Stats. 1921; and the possession of such liquor by defendant in his dwelling, used in part as a licensed place for the sale of non-intoxicating liquors, is *prima facie* evidence of unlawful possession, under sub. (28), sec. 1543.    p. 354.

4. The keeping of intoxicating liquor in any house in violation of the prohibition act constitutes such house a public nuisance under sub. (22), sec. 1543.    p. 354.

5. In a prosecution for violation of the prohibition act under an indictment containing four counts, a conviction under a count for a second offense is sustained by the evidence where a previous conviction was admitted on the trial.    p. 354.

ERROR to review a judgment of the circuit court for Green Lake county: E. C. HIGBEE, Judge. *Affirmed.*

The plaintiff in error, the defendant below and here so designated, was convicted of violating the prohibition act on four counts, to wit: the purchase of privately manufactured liquor; possession of such liquor; maintenance of a nuisance; and second offense under the law.

For the plaintiff in error there was a brief by *Edward F. Kileen* of Wautoma, attorney, and *A. W. Richter* of Milwaukee, of counsel, and oral argument by *Mr. Richter.*

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *M. J. Paul,* district attorney of Green Lake county, and oral argument by *Mr. Messerschmidt.*

CROWNHART, J.    The defendant was the owner of certain premises known as 207 Broadway, Berlin, Wisconsin. This consisted of a lot and the two-story building thereon. The upper story was used for the defendant's residence for himself, wife, and several children. The lower story was used for a soft-drink parlor under permit to sell non-intoxicating

beverages. For the fiscal year 1921–22 the defendant had a permit for the place, but he was convicted of an offense under the law and thereby was unable to obtain a permit for the fiscal year 1922–23. His wife took out a permit instead, and he continued the business substantially as before. His wife attended to the business at times, but generally the defendant looked after it. The lower floor of the building was connected with the upper floor by a door that led from the drink parlor to a stairway and thence into the living rooms. The stairway also opened out on to the street through a street door.

On the 29th of December, 1922, the state prohibition officers, armed with a search warrant directed against defendant and his wife, came to the place and served the warrant upon the defendant, and proceeded to search the premises, both downstairs and in the residence above. In a bedroom in the residence the officers found a panel or loose board in the floor, under which, and between the joists, they found about four quarts of illegally manufactured liquor of more than one-half of one per cent. alcoholic content. The opening in the floor was covered by a carpet. The wife of the defendant testified that the liquor belonged to the defendant; that he had purchased it nearly a year prior to the search for $8 a gallon. She further testified that none of the liquor had been used for sale, and in this she was confirmed by the testimony of the defendant. There is no evidence to show that the liquor was used for sale or intended for sale.

It is contended on the part of the defendant that the place where the liquor was found was a private residence and that the officers had no right to search it under a search warrant or otherwise, and the liquor so seized was illegally seized and could not be used in evidence. It is further contended that the search warrant was not properly issued and that the mere possession of liquor is not an offense under the law.

In the view that we take of this case it will not be necessary to pass on all the questions raised by the defendant's

counsel.   It has been held that the premises connected with a licensed place so closely as to admit of free passage from the drink parlor to other rooms may be searched with or without warrant, both as to the place of business and the connected rooms.   *Walsh v. State,* 180 Wis. 356, 192 N. W. 1004.   This is in accordance with the statute, sub. (30), sec. 1543.   Here the license was for 207 Broadway, which included the whole building.   Under the ruling of this court the premises were subject to search without a warrant, and the search must be held to have been legal, and the evidence obtained by the search was properly admitted on the trial. This in no wise violates the sanctity of the home, because it is a condition upon which a party obtains his license, and he is presumed to have consented to search of his residence if his residence is so connected with the drink parlor as to make the connected rooms easy of access from one to the other.   In permitting his wife to occupy the lower rooms as a licensed drink parlor, defendant is presumed to have known the law that the whole premises were subject to search, and to have consented thereto.

A careful review of the evidence shows conclusively that the defendant purchased illegally manufactured liquor.   This was an offense under sub. (7), sec. 1543, Stats.   Likewise the evidence is conclusive that defendant had such liquor in his possession in his dwelling, used in part as a licensed place for the sale of non-intoxicating liquors.   This was *prima facie* evidence of unlawful possession.   Sub. (28), sec. 1543.   The keeping of intoxicating liquor in any house in violation of the prohibition act constitutes such house a public nuisance.   Sub. (22), sec. 1543.   Sub. (27) (b), sec. 1543, provides that the prosecuting attorney shall plead and prove previous convictions of the accused for any violation of the prohibition act.   The defendant was informed against for a second violation, and the previous conviction was admitted on the trial.   It therefore appears that the conviction

on all four counts was sustained by the evidence, and the judgment should be affirmed.

*By the Court.*—The judgment of the circuit court is affirmed.