CHAPLEAU, Plaintiff in error, vs. THE STATE, Defendant in error.

*January 19—April 8, 1924.*

*Intoxicating liquors: License to sell non-intoxicants: Unlawful possession: Liquor acquired upon physician's prescription.*

Sub. (30), sec. 1543, Stats. 1921, providing that no person licensed under sub. (29) of said section to sell non-intoxicants shall have any intoxicating liquors in his possession or about the licensed premises, is construed to apply to that class of intoxicating liquors within the penal provisions of the law; and proof of possession upon such premises of liquor lawfully acquired for medicinal purposes upon a physician's prescription cannot support a conviction for violating said sub. (30). p. 406.

ERROR to review a judgment of the circuit court for Fond du Lac county: A. H. REID, Judge. *Reversed.*

Defendant was charged with having in said county on March 27, 1923, intoxicating liquors in his possession, on his premises where he was licensed to sell non-intoxicating liquors.

Two bottles were found in the ice box on these premises and their contents were such as to meet the definition of intoxicating liquor.

The defendant's uncontradicted testimony is to the effect that under a physician's prescription of March 19th he had

purchased a bottle of liquor for medicinal purposes at a drug store. That he transferred its contents to these two bottles because of the breaking of the top of the bottle of original purchase. That he had intended to take them to his residence.

A jury trial was waived, and upon the facts as above stated he was found guilty and sentenced to fine and imprisonment. To review the judgment he sues out this writ of error.

For the plaintiff in error there was a brief by *Reilly & O'Brien* of Fond du Lac, and oral argument by *M. K. Reilly.*

For the defendant in error there was a brief signed by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Robert M. Rieser,* deputy attorney general.

The following opinion was filed February 12, 1924:

ESCHWEILER, J.   But one of the several questions presented need be considered and that may be thus stated:

May a person having a license to sell non-intoxicating liquors under sub. (29), sec. 1543, Stats., be subjected to a penalty as for a violation of the provision found in sub. (30), sec. 1543, reading, "No such person shall have in his possession on or about said premises any intoxicating liquor," when the proof shows that such liquor was obtained for medicinal purposes and under proper compliance with sub. (9), sec. 1543, providing for the issuance of prescriptions by physicians?

Both the national and state prohibition laws have separated into two distinct classes liquors having more than the designated maximum alcoholic contents: one, the manufacture, sale, or transportation whereof is prohibited; the other includes wines for sacramental purposes (sub. (4), sec. 1543) and those for medicinal purposes (sub. (9), sec.

1543). This classification is not based upon any question of alcoholic content, but solely and only upon the purpose and object in and of its use.

Those in both classes are recognized as being within the definition of intoxicating liquors, but in the latter class they are not within the penal provisions of the law so long as held and used for the expressly recognized lawful uses and purposes. We think the latter class retains the recognized exemptions and privileges while and wherever possessed for such purposes and uses.

That which may be lawfully obtained upon a physician's prescription is nevertheless described by the same term in sub. (9), *supra,* "Prescriptions for *intoxicating liquors* may be issued," etc., as the same term is used all through the chapter; yet it is manifest that it is the intent to place such liquor when so prescribed into a separate and distinct class from the same intoxicating liquors when in the proscribed class.

The substantial difference between the two classes is well defined in the opinions in two recent cases of *Lambert v. Yellowley,* 291 Fed. 640, and *U. S. v. Freund,* 290 Fed. 411.

In *Walsh v. State,* 180 Wis. 356, 192 N. W. 1004, it is held that the term "premises," when under license for the sale of non-intoxicating liquors, extends to other rooms in the same house permitting of access from the room where sales are made. Such ruling extended to a kitchen on the second floor in *Wibmer v. State,* 182 Wis. 303, 195 N. W. 936. If the possession of the prescription liquor is unlawful in the present instance it would have to be unlawful if possessed on the second floor of such premises, if such are convenient of access from below, and would therefore be subject to penalty if in a sick chamber on such a second floor.

The possession, therefore, of intoxicating liquor on licensed premises declared to be unlawful under sub. (30), sec. 1543, *supra,* is to be construed to be such intoxicating liquor as is put by the law itself into the first of the above

mentioned classes and not such as has been lawfully acquired for medicinal purposes upon a physician's prescription.

It follows that the conviction cannot be sustained.

*By the Court.*—Judgment reversed, and cause remanded with directions to discharge defendant.

A motion for a rehearing was denied, without costs, on April 8, 1924.