STATE, Plaintiff, vs. BECKER, Defendant.

*February 14—March 4, 1930.*

232

234

The cause was submitted for the plaintiff on the brief of the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and for the defendant on that of *Geo. B. Nelson* of Stevens Point.

ROSENBERRY, C. J.   The situation presented in this case is an unusual one.   The store, the restaurant, and saloon are all under one roof and part of the same building.   The place where the liquor was found is separated from the saloon by the restaurant, and from the restaurant one must either go through the living quarters of Skibba or through the store and through the living quarters of the defendant before reaching the place where the liquor was concealed.   The answer to the proposed question therefore requires us to determine whether the place where the liquor was found was a part of the licensed premises.   This statute has been under consideration in *Walsh v. State,* 180 Wis. 356, 192 N. W. 1004; *Wibmer v. State,* 182 Wis. 303, 195 N. W. 936; *Bombinski v. State,* 183 Wis. 351, 197 N. W. 715; *Nelson v. State,* 186 Wis. 648, 203 N. W. 343; *Miller v. State,* 191 Wis. 477, 211 N. W. 278.   While these cases are illustrative of what has been held to constitute *premises* as that term is used in the statute, they afford no direct aid in the solution of the problem presented by the record in this case.

Here, the premises on which the liquor was found were separated from the premises licensed by an intervening estab-

lishment, the restaurant and residence of Skibba, the father-in-law. In the absence of anything indicating that the entire building was used by the parties in common and upon the facts appearing in the record in this case, it is considered that the place where the liquor was found was not a part of the licensed premises. There were three separate establishments, and a license might properly have been granted to sell non-intoxicating liquors in any one of the three. The mere fact that the defendant lived in the rear of the store, under the facts and circumstances of this case, did not constitute his living quarters a part of the licensed premises. Therefore the defendant should be discharged.

*By the Court.*—The answer to the question propounded is, the defendant should be discharged.