## UNITED STATES v. SHULES.
### No. 468.

Circuit Court of Appeals, Second Circuit.
June 27, 1933.

Irving K. Baxter, of Utica, N. Y., for appellant.

Oliver D. Burden, U. S. Dist. Atty., of Syracuse, N. Y., for the United States.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

Reversal is asked upon the ground that the evidence upon which the appellant was convicted was obtained by an illegal search. On the afternoon of March 7, 1931, two prohibition agents visited premises known as the Park Hotel in Frankfort, N. Y., and, after being denied admittance by the defendant, forced an entrance and searched the building. No alcoholic beverage was found in the hotel building itself, but in a shed at the rear of the premises 200 pint bottles of home brew beer of prohibited alcoholic content were discovered and seized. The agents had no warrant, and the search was clearly lawless unless it can be justified under a so-called "padlock decree" previously issued by the District Court. That decree was entered on September 11, 1930, in a suit in equity brought by the United States against Anna Shules and her husband with respect to the same Park Hotel. It adjudged to be a common nuisance "all the tract or parcel of land commonly known as Park Hotel"; enjoined the defendants and all other persons from "manufacturing, selling, storing or bartering intoxicating liquor * * * upon the foresaid premises"; ordered that for one year from its date "the said premises shall be open to the free inspection of the officers of the law and agents of the National Prohibition Department at all reasonable times"; enjoined the defendants from selling or keeping any intoxicating liquor anywhere within the Northern district of New York and from transferring or leasing the premises without giving their successors in occupancy notice of the terms of the decree; and "padlocked" the former barroom of the hotel for six months, and for a further period of six months unless after the expiration of the first six months a bond should be furnished as provided in section 22 of title 2 of the National Prohibition Act (27 USCA § 34). This decree was entered upon a stipulation signed by the attorneys for the defendants that "the complainant may apply to the court for a final decree herein, without further proof or notice, upon such terms as the court may deem just and proper."

It is by virtue of the consent embodied in this stipulation and decree that the government seeks to support the search and seizure. The appellant, on the other hand, contends that those provisions of the decree purporting to authorize inspection of the premises by prohibition agents were wholly ineffective because the jurisdiction of the court does not extend to the making of such an order. A motion before trial to suppress the evidence was overruled. Objections and exceptions were taken to the agents' testimony upon the trial, and, when the prosecution rested, the defendant moved for a directed verdict on the ground that no sufficient or legal evidence of guilt had been presented. The point now urged was therefore properly saved and is before us.

That the constitutional immunity against unreasonable searches and seizures (Amendment 4) is a personal right capable of waiver is too well settled to require the citation of authority. Usually the consent which operates as a waiver occurs contemporaneously with the search, but no reason is apparent why it may not be given in advance. In our opinion, that was the effect of the stipulation and decree here involved. Instead of closing the entire hotel, the court padlocked only the barroom and permitted the remainder of the premises to be used by the defendant on condition that they be open to inspection at reasonable hours by prohibition enforcement officers. The defendant having accepted the benefit of that decree and thus obtained the use of the premises, we think her consent to a reasonable inspection of them by such officers became irrevocable, and precludes her present claim that the search and seizure was illegal. Wibmer v. State, 182 Wis. 303, 195 N. W. 936, involved the legality of a search of premises occupied by a person licensed to sell nonintoxicating liquors. A statute forbade such a licensee to possess intoxicating liquors on or about the premises and authorized the license commissioner and his deputies to inspect the premises at any reasonable time without warrant. In sustaining a search made without a warrant, the court said:

"The acceptance of the license is necessarily an acceptance of the accompanying statutory conditions and as to the premises is an implied waiver of the search and seizure provision of the Constitution. * * * * "

Somewhat similar applications of the principle of implied waiver may be found in Paladini v. Superior Court, 178 Cal. 369, 173 P. 588, and State v. Hall, 164 Tenn. 548, 51 S.W.(2d) 851. We think the doctrine is applicable to the case at bar.

The appellant argues that the statute (27 USCA § 34) authorizes only a decree abating the nuisance or allowing the premises to remain in use on the giving of a bond; that

782

the imposition of any further condition is beyond its jurisdiction. United States v. Pepe, 12 F.(2d) 985 (C. C. A. 2), and Crocker First Fed. Trust Co. v. United States, 38 F.(2d) 545 (C. C. A. 9), are relied upon. These cases held that, in a suit under the statute, it was error for the court, in exacting from the owner a statutory bond as a condition to reopening the premises, to impose in addition a requirement that the prospective tenant be acceptable to the court. Compare Title Guarantee & Trust Co. v. United States, 50 F.(2d) 544, 546 (C. C. A. 9). It will be observed that those decrees were corrected upon appeal. Whether the decree here involved was right or wrong, we do not think it was wholly void so as to be subject to collateral attack. By accepting it and obtaining occupancy of her premises under it, the appellant waived her privilege of objecting to a search by prohibition agents without a warrant. Accordingly the judgment must be affirmed.

We cannot conclude our opinion, however, without adverse comment upon the extraordinary delay which has occurred in prosecuting this appeal. The case was tried at the January, 1932, term, and the appeal was allowed on February 10, 1932. On motion of the defendant's attorney, "the United States attorney consenting thereto," the January term was extended twelve months from March 30, 1932, for filing the record on appeal. Although the record is unusually short —the bill of exceptions taking up only 20 printed pages—it was not certified until March 20, 1933. It was filed in this court on April 12th. It is difficult to conceive of any adequate reason which should move a United States attorney to consent to, or a District Judge to approve, a twelve-month extension of time for preparing a record for appeal. Such dilatory tactics in appeals inevitably bring the administration of criminal justice into disrepute.

Judgment affirmed.