FRED A. RISSER, Chairperson Senate Organization Committee
You requested, on behalf of the Senate Organization Committee, a formal opinion regarding the application of alcohol beverage license laws to bed and breakfast establishments. Your specific questions are set forth in an attached letter from Senator Tim Weeden.
The first question is whether a bed and breakfast establishment is considered a "public place," within the meaning of section125.09 (1), Stats., at which the proprietors of the establishment would be prohibited from either personally consuming alcohol beverages or serving alcohol beverages to personal friends if the establishment does not hold a liquor license. Your related question is whether a bed and breakfast proprietor and his or her personally invited guests may be permitted to consume alcohol beverages on the premises under *Page 219 
certain circumstances, such as where the consumption occurs in areas of the establishment that are off-limits to paying guests.
In my opinion, section 125.09 (1), which states in part "[n]o owner, lessee or person in charge of a public place may permit the consumption of alcohol beverages on the premises of the public place, unless the person has an appropriate retail license or permit," prohibits consumption of alcohol beverages by proprietors of a bed and breakfast establishment, by their friends, or by their personal guests in areas of the building that are open to the public or to renters, if the proprietors do not hold an alcohol beverage license. This section does not prohibit consumption of alcohol beverages by proprietors, by their friends or their personal guests in areas of the building that are off-limits to the public or to renters.
The term "public place," as used in section 125.09 (1) is not defined. Nontechnical words and phrases are to be construed according to their common and ordinary usage. Ervin v. City ofKenosha, 159 Wis.2d 464, 464 N.W.2d 654 (1991). The ordinary and common meaning of a word may be established by definition of a recognized dictionary. Id. Black's Law Dictionary 1107 (5th ed. 1979) defines "public place" as "[a] place to which the general public has a right to resort; not necessarily a place devoted solely to the uses of the public, but a place which is in point of fact public rather than private, a place visited by many persons and usually accessible to the neighboring public." A "bed and breakfast establishment" is defined, in part, for purposes of public health and safety licensing statutes, as a place of lodging that "[p]rovides 8 or fewer rooms for rent to no more than a total of 20 tourists or transients" and that "[i]s the owner's personal residence." Sec. 50.50 (1)(a) and (c), Stats.
A bed and breakfast establishment generally meets the definition of a public place, since the public must have access to the establishment for the purpose of renting or seeking to rent rooms within the establishment. See sec. 101.22 (1m)(bo)1. *Page 220 
and (bp) 1., Stats., which defines "public place of accommodation or amusement" as including a bed and breakfast establishment for purposes of the equal rights statute. However, certain portions of the premises of a bed and breakfast establishment presumably are not accessible to the public, since, by definition, such an establishment is the owner's personal residence. Any portions of the building other than rooms to be rented or common areas open to the public or to renters are private in character. Those private portions of the establishment do not constitute the premises of a "public place" within the common and ordinary meaning of that term. Thus, section 125.09 (1) does not prohibit consumption of alcohol beverages by the owners of the bed and breakfast establishment or by their personally invited guests in those areas of the building not open to the public or to renters. However, consumption of alcohol beverages is prohibited in areas that are open to the public or to renters, unless an alcohol beverage license is obtained.
This reasoning is consistent with that of the Wisconsin Supreme Court in State v. Becker, 201 Wis. 230, 229 N.W. 857 (1930). In that case defining "premises" for purposes of a prohibition-era warrantless search, the living quarters were physically separated from the saloon. The court ruled that the living quarters were not part of the "premises" in the absence of a showing that the entire building was used by all occupants in common.
In the first part of your second question you inquire as to whether the proprietor of a bed and breakfast establishment that does not hold any alcohol beverage license may host a social event where alcohol beverages are served, if attendance is limited to the proprietor's personally invited guests, no admission fee is charged and no monetary contribution is required. In my opinion, a bed and breakfast establishment owner may serve alcohol beverages at such a social event, provided that the alcohol beverages are served in a portion of *Page 221 
the bed and breakfast establishment that is not open to the public or to renters.
The second part of your second question is whether contributions from invited guests at such a social event may be solicited and accepted to defray costs, as long as the contributions are voluntary and the serving of alcohol beverages is not restricted to those making a contribution. My opinion is that contributions from the proprietor's invited guests at a social event in the private residence portion of the establishment may be solicited and accepted if the contributions are voluntary and the serving of alcohol beverages is not restricted to those making a contribution.
Section 125.04 (1) provides that no person may sell, manufacture, rectify, brew or engage in any other activity for which chapter 125 provides a license or permit without holding the appropriate license or permit. The term "sell" is defined in section 125.02 (20) as "any transfer of alcohol beverages with consideration or any transfer without consideration if knowingly made for purposes of evading the law." The circumstances you have described do not suggest a "transfer" made for purposes of "evading the law." Moreover, I conclude that solicitation of voluntary contributions from invited guests does not constitute a transfer "with consideration."
"Consideration" is the "cause, motive, price, or impelling influence which induces a contracting party to enter into a contract." Black's Law Dictionary 277 (5th ed. 1979). Under the circumstances you have specified, the serving of alcohol beverages to those who attend a private social event does not constitute a transfer "with consideration." The contribution is not an inducement to obtain the alcohol beverages, since such beverages are served regardless of whether a contribution is made. Accordingly, this type of serving of alcohol beverages does not violate chapter 125.
Your third question is whether a bed and breakfast establishment of which the owner does not hold any alcohol *Page 222 
beverage license may serve alcohol beverages at a social event which it hosts and to which an open invitation has been issued to members of an organization who are also charged an admission fee to the event. You also ask the related question as to whether it is presumed that the alcohol beverages are being sold as long as an admission fee is charged to the event.
Based upon the previous logic, I conclude that serving alcohol beverages at a social event for which an admission fee is charged, on premises at which the proprietors do not hold an alcohol beverage license, constitutes a sale of alcohol beverages in violation of section 125.04 (1) if alcohol beverages are served only to those who pay the admission fee. An admission fee constitutes consideration where payment of the fee is required to obtain alcohol beverages. Therefore, at such an event the owner of the establishment must hold the appropriate alcohol beverage license.
JED:ARK *Page 223