## SCHLIEDER et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. February 19, 1926.)

No. 4668.

1. **Intoxicating liquors** ⬳21, 265—**Statute providing for abatement of liquor nuisances is valid, and under it proceedings may be instituted against tenant (National Prohibition Act, tit. 2, § 22 [Comp. St. Ann. Supp. 1923, § 10138½k]).**

National Prohibition Act, tit. 2, § 22 (Comp. St. Ann. Supp. 1923, § 10138½k), providing for proceedings to abate liquor nuisances, is valid, and under it bill may be filed against tenant to enjoin use of designated premises.

2. **Intoxicating liquors** ⬳265.

Under National Prohibition Act, tit. 2, §§ 21, 22 (Comp. St. Ann. Supp. 1923, §§ 10138½jj, 10138½k), property of innocent owner may be closed after ejectment of tenant to abate liquor nuisance.

3. **Intoxicating liquors** ⬳263, 280—**Whether owner be permitted to use premises after giving bond against violations of Prohibition Act is within discretion of trial court, whose judgment is reviewable on appeal (National Prohibition Act, tit. 2, §§ 21, 22, 23, 26, 39 [Comp. St. Ann. Supp. 1923, §§ 10138½k, 10138½l, 10138½mm, 10138½z]).**

Under National Prohibition Act, tit. 2, §§ 21, 22 (Comp. St. Ann. Supp. 1923, §§

10138½jj, 10138½k), and in view of sections, 23, 26, 39 (Comp. St. Ann. Supp. 1923, §§ 10138½*l*, 10138½mm, 10138½z), whether owner of property will be permitted to occupy and use building after giving bond conditioned against violations of Prohibition Act is matter for discretion of court, whose judgment is reviewable on appeal.

**4. Intoxicating liquors ⬅=263—Refusal to permit innocent owners of property used in violation of Prohibition Act to give bond and recover possession held abuse of discretion (National Prohibition Act, tit. 2, §§ 21, 22 [Comp. St. Ann. Supp. 1923, §§ 10138½jj, 10138½k]).**

Refusal to permit innocent owners of property, shown to have been used in violation of Prohibition Act, to give bond and recover use and possession, *held* an abuse of court's discretion, under National Prohibition Act, tit. 2, §§ 21, 22 (Comp. St. Ann. Supp. 1923, §§ 10138½jj, 10138½k).

**5. Intoxicating liquors ⬅=280—Appeal in suit to abate liquor nuisance brings up whole case, both on facts and law, for review (National Prohibition Act, tit. 2, §§ 21, 22 [Comp. St. Ann. Supp. 1923, §§ 10138½jj, 10138½k]).**

Appeal in suit to abate liquor nuisance under National Prohibition Act, tit. 2, §§ 21, 22 (Comp. St. Ann. Supp. 1923, §§ 10138½jj, 10138½k), brings up whole case, both on facts and law, for review, and appellate court may render decree warranted by law and facts.

**6. Intoxicating liquors ⬅=263—Trial court may not arbitrarily deny innocent owner right to give bond and recover possession of property unlawfully used by tenant (National Prohibition Act. tit. 2, §§ 21, 22 [Comp. St. Ann. Supp. 1923, §§ 10138½jj, 10138½k]).**

Under National Prohibition Act, tit. 2, §§ 21, 22 (Comp. St. Ann. Supp. 1923, §§ 10138½jj, 10138½k), though trial judge had broad discretion, he may not arbitrarily close premises unlawfully used by tenant, and deny innocent owner right to give bond.

Walker, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Charlton R. Beattie, Judge.

Suit by the United States against Edward G. Schlieder and others to abate a liquor nuisance. From a decree closing premises and denying owners right to resume possession on giving bond, Edward G. Schlieder and another appeal. Decree amended, and, as amended, affirmed.

Arthur A. Moreno, Gustave Lemle, and Selim B. Lemle, all of New Orleans, La., for appellants.

Wayne G. Borah, U. S. Atty., and Arthur A. De la Houssaye, Asst. U. S. Atty., both of New Orleans, La.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. On May 18, 1925, the United States filed a bill against Arsene A. Bourdon, Eric R. Bourdon, and Frederick A. Savare, alleging them to be the proprietors of Francois' Restaurant and lessees of part of a building, 712 Gravier street, in the city of New Orleans, to have said establishment declared a nuisance under the provisions of sections 21 and 22 of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, §§ 10138½jj, 10138½k) because of the possession and sale of intoxicating liquor at said premises. The prayer was for an injunction ordering the closing of the premises for a period of one year. By supplemental bill, Francois' Restaurant, Inc., a corporation of which said individuals were the officers, was made a party. Appellants, who are the owners of the building, were given formal notice of the suit and filed an answer denying knowledge of any violation of the prohibition laws alleged in the bill, and setting up that the tenants had been ejected from the building and the nuisance, if it ever existed, had been abated. They prayed that the bill be dismissed, and, in the alternative, that they be permitted to occupy the building on giving bond as provided in the act.

On the trial there was testimony from a number of prohibition officers as to purchases of liquor by themselves on five occasions in March, 1925, and it was shown that on execution of a search warrant two ten-ounce bottles and one half-pint bottle partly filled and containing intoxicating liquor were found in the rear of the premises. There was also introduced in evidence an information against the defendant Arsene O. Bourdon and one J. M. Barbazon, and the minutes of the court of May 28, 1924, showing a dismissal as regards Bourdon and a plea of guilty by Barbazon. Another information charging one Francois Sartre and one Tony Sunseri with unlawfully selling liquor on October 12, 1921, and the minutes showing pleas of guilty by both of them, the date of which is not disclosed, were also introduced. The introduction of these informations was objected to by the appellants, which objections were overruled.

On behalf of appellants it was shown that the building in question is worth about $150,000; that the lower floor, where Francois' Restaurant was located, had a rental value of about $9,000 a year, including the assumption of taxes and insurance premiums by the tenant; that the upper floors were rented to the Western Union Telegraph Company. It was also shown that the restaurant was a large establishment, frequented by high-

grade customers, and located in the heart of the business district of New Orleans.

Appellants both testified that they frequently went to the restaurant for lunch, and that they had never been served with liquor there, and did not know that any was being served. Their good character is not questioned. None of the witnesses for the government testified that they had seen other persons served, and one of them testified that liquor was served to him in demi-tasse cups. It was also shown that, as soon as appellants were served with notice of the suit, they took steps to cancel the lease and eject the tenant, and the place was closed some time before the case was tried.

After a hearing the court entered a decree closing the premises for one year, and declined to allow the owners to resume possession of the building on giving bond. From that decree this appeal is prosecuted.

Section 21, title 2, of the National Prohibition Act, declares any room, house, or building, etc., where intoxicating liquor is manufactured, sold, kept, or bartered in violation of the act, to be a common nuisance, provides for the punishment of any person who maintains such common nuisance, and imposes a lien on the premises for the payment of fines and costs assessed against such person, provided the owner of the premises knew or had reason to believe they were being so illegally used. We express no opinion as to the validity of the provision imposing a lien on the property, although it seems to have influenced the District Court to some extent, as we do not deem it material in construing section 22 of the act.

[1] Section 22 of the said act and title provides that an action to enjoin such nuisance may be brought in the name of the United States, and upon judgment ordering such nuisance to be abated the court may order that the room, house, or building, etc., shall not be occupied or used for one year thereafter; but the court may, in its discretion, permit it to be occupied or used, if the owner, lessee, tenant, or occupant thereof shall give bond with sufficient surety in the penal and liquidated sum of not less than $500 nor more than $1,000, payable to the United States, and conditioned that intoxicating liquor shall not thereafter be manufactured, sold, bartered, kept, or otherwise disposed of therein, and that he will pay all fines, costs, and damages that may be assessed for any violation of the act upon the said property.

It may be considered settled that section 22 of the National Prohibition Act is valid, and a bill may be filed against a tenant to enjoin the used of designated premises for the purpose of abating a nuisance conducted therein. Denapolis v. U. S. (C. C. A.) 3 F. (2d) 722.

[2] It is the contention of appellants that the property of an innocent owner cannot be ordered closed after the ejectment of the tenant and the abatement of the nuisance. There would be much force in this contention if it were not for the provision allowing the owner to bond the injunction. This is a reasonable requirement as a guaranty of good faith, and to insure that the property will not again become a nuisance, for a period sufficient for it to lose its character and reputation as a place where liquor may be purchased. This provision affords ample protection to an innocent owner.

[3, 4] In the view we take of the case, the question presented for review is whether there was an abuse of discretion on the part of the District Court in refusing to allow appellants to give bond according to the provisions of section 22 and recover the possession and use of their property. In deciding the case the learned District Judge was of the opinion that it is the duty of a landlord to make inquiry as to the use to which his property is being put, and, if facts are shown from which knowledge of the unlawful sale of liquor is chargeable to the owner, his property may be "padlocked" for a year as an object lesson to others. We cannot agree with the theory of the District Judge.

The fundamental principle upon which section 22 depends for its validity is that it is intended to authorize the abatement of a nuisance by a suit in equity and to go no further. If the section could be construed as warranting punishment for the offense or forfeiture of property as a penalty, it would be open to grave constitutional objections. Mugler v. Kansas, 8 S. Ct. 273, 123 U. S. 623, 31 L. Ed. 205; Lawton v. Steele, 14 S. Ct. 499, 152 U. S. 133, 38 L. Ed. 385.

It is the contention of the government that the allowance of bond is entirely in the discretion of the trial court. While this is so, the discretion of the judge must be exercised fairly and justly, in view of all the facts and circumstances of the case, and so as not to do an injustice to any innocent party. In any event, the judgment is reviewable on appeal.

Doubtless cases may arise in which the judge would be justified in not permitting the reopening of a building, if he finds that the owner has knowingly acquiesced in the operating of a nuisance; but in such case the probability of the nuisance continuing should be shown, and the proof should be clear and

convincing. The section contemplates that even the offender may be allowed to bond in a proper case, and it is going too far to say that the duty devolves on every landlord to make inquiry at his peril as to the use of his building.

It was clearly the intention of Congress, in enacting the provision as to bond, to give an innocent party the absolute right to recover the use of his property on complying with that provision. As bearing on this, the following provisions of the act may be noted: When the property of one who is not the offender is proceeded against, he must be served personally with summons in due form. Section 39, tit. 2, being Comp. St. Ann. Supp. 1923, § 10138½z. When an automobile or other vehicle is seized for transporting liquor, valid liens are preserved. Section 26, tit. 2 (section 10138½mm). And a lessor has the right to cancel the lease if any violation of the act occurs on leased premises. Section 23, tit. 2 (section 10138½l).

[5] We come now to a consideration of the evidence in this case. It is elemental that an appeal brings up the whole case, both on the facts and the law, and this court may review the facts, and reach its own conclusions as to the ultimate facts proved, and render a decree in conformity with the law and the facts and the principles of equity. Undoubtedly the evidence was sufficient to warrant a finding that the restaurant had been conducted as a nuisance. It does not follow, however, that any facts have been shown tending to prove that appellants had knowledge or notice of that fact or acquiesced therein. The information against Sartre and Sunseri was for an offense committed some three years before this suit was brought. It is shown they were formerly tenants, and the fact that they had violated the law at a time so remote is hardly to be considered proof that a nuisance was being conducted by other tenants three years later.

On the other information, the fact that the case against Bourdon, who was an officer of the corporation leasing the premises, was dismissed, instead of tending to prove that a nuisance was being conducted, would seem to show the contrary. It is not shown in what capacity Barbazon was acting, but the presumption may be indulged that the lessees had no knowledge of and did not consent to the sale. The prohibition officers who testified went to the restaurant for the purpose of buying liquor. They went in openly, it is true, but they did not testify to seeing any one else served. It would seem that, while it

was comparatively easy to secure a drink, the method of serving was surreptitious, and not such as to excite the suspicion of one innocently present. The testimony on the part of the government cannot be said to overcome the denial of appellants that they had knowledge of sales of liquor in their premises.

[6] In proceeding under the section, the trial judge is vested with broad discretion, but not with the power to arbitrarily close a building for a year and refuse to the owner the right of bond. Regard must be had for all the facts and circumstances of the case, and if the owner is in good faith and the nuisance has in fact been abated, it is an abuse of discretion not to permit him to bond the property.

We think in this case, on the facts shown, the exercise of a sound judicial discretion would have resulted in permitting appellants to give bond and to retain the possession of their property. The decree appealed from will be amended, and appellants will be permitted to obtain the possession of their building on giving bond in the sum of $1,000, conditioned according to law, and to be approved by the clerk of this court.

As so amended, the decree is affirmed.

WALKER, Circuit Judge, dissents.