## UNITED STATES v. PEPE.

(Circuit Court of Appeals, Second Circuit. June 10, 1926.)

No. 386.

1. **Intoxicating liquors** ⬥⟹275.

Evidence held to warrant injunction against landlord in proceeding under National Prohibition Act, tit. 2, § 22 (Comp. St. Ann. Supp. 1923, § 10138½k), to abate liquor nuisance on leased premises.

2. **Intoxicating liquors** ⬥⟹263—Evidence held to require that decree for abatement of nuisance provide for stay of injunction as to landlord on his giving of bond (National Prohibition Act, tit. 2, § 22 [Comp. St. Ann. Supp. 1923, § 10138½k]).

In proceeding under National Prohibition Act, tit. 2, § 22 (Comp. St. Ann. Supp. 1923, § 10138½k), to abate liquor nuisance, evidence of landlord's lack of interest in tenant's business and lack of personal knowledge of what was done on leased premises held to require that decree provide for a stay of injunction as to landlord on his giving of bond.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by the United States to abate a liquor nuisance, wherein Vincent C. Pepe, owner of the premises, was impleaded. From a decree enjoining use of the premises, the owner appeals. Decree [12 F.(2d) 462] modified, and, as modified, affirmed.

John D. Lindsay, of New York City, for appellant.

Emory R. Buckner, U. S. Atty., of New York City (J. Edward Lumbard, Jr., Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before ROGERS, HOUGH, and MACK, Circuit Judges.

MACK, Circuit Judge. Appeal by the owner of premises from a decree enjoining the use or occupancy of a cabaret located in the basement of 148 Macdougal street, New York City, for six months; the cabaret having been found to be maintained as a nuisance by the defendant tenant. The decree, however, provided that appellant herein might during that period make application to the District Court for the "purpose of permitting a tenant, to be approved by this court upon a proper showing, to occupy the basement of the premises as aforedescribed, for some legitimate business purpose, other than a restaurant, cabaret or soft drink establishment."

The learned trial judge distinguished this case from that of U. S. v. Chesebrough Mfg. Co. (D. C.) 11 F.(2d) 537, in which he had dismissed the bill because he there found, not only that before the trial the nuisance had been abated, but also that there was no reasonable probability of a recurrence. In that case the innocent owner had acted promptly on notice of the situation. Tenant and offending subtenant had been ousted.

In the instant case the premises had theretofore been padlocked for a year. Though the owner had thereupon begun dispossess proceedings, he did not pursue them; on the contrary, he permitted the lease to remain in force and after the year was up accepted the back rent. In so doing the owner acted within his legal rights; he was not obligated to terminate the lease and thereby to jeopardize the collection of the rent. But he had acquired notice as to the character of his tenant. Furthermore, he later received com-

plaints of sales of liquor on the premises. True it is that he had no legal evidence of any wrongdoing, but though he had his office in the same building, he was careful to avoid entering the premises, used as he knew for a cabaret restaurant or "night club." Finally, two weeks after this proceeding was begun against the tenant, and after the landlord was advised thereof by the District Attorney, he did cancel the lease. The restaurant fixtures and fittings were removed by the tenant, and at the date of the hearing and decree the premises were vacant. The owner testified that without radical and expensive alterations the basement was best suited for a restaurant.

[1] In these circumstances we concur in the views of the learned trial judge that the injunction was proper as against the owner; though the nuisance had been abated before the decree, there was at the time of decree (U. S. v. Gaffney [C. C. A.] 10 F.[2d] 694) reasonable ground to apprehend a recurrence. [2] While there may be danger of a recurrence of the nuisance if the premises continue to be or are again used for a restaurant, there would seem to be no warrant in the law for an absolute prohibition of such a use during the six-months period and the court's approval of a prospective tenant as conditions to the suspension of the injunction; the bond is the statutory guaranty, if and when the circumstances justify such suspension in favor of the owner or tenant. Under section 22, title 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½k), the court, in its discretion and notwithstanding the propriety of the injunction, may permit the premises to be used if bond of $500 to $1,000 be given, conditioned that intoxicating liquor shall not be manufactured, sold, bartered, or otherwise disposed of therein, and that all fair costs and damages that may be assessed for any violation of the act upon the property shall be paid.

Concurring in the views expressed in Schlieder v. U. S. (C. C. A.) 11 F.(2d) 345, we are of the opinion that, in the light of appellant's termination of the lease and the abatement of the nuisance, and of the trial court's view that, except as landlord, appellant "had no interest whatever in the tenant's business, and had no personal knowledge of what was done in violation of law upon the premises," the decree should have provided for a stay of the injunction as against appellant, upon his giving the statutory bond.

The decree will accordingly be modified, by providing for the suspension of the injunction, if appellant give the statutory bond

in the sum of $1,000, with surety to be approved by the clerk of the District Court, and, as modified, it is affirmed, without costs.