**CROCKER FIRST FEDERAL TRUST CO. et al. v. UNITED STATES.***

No. 5864.

Circuit Court of Appeals, Ninth Circuit.

Feb. 24, 1930.

Walter McGovern, of San Francisco, Cal., for appellant Sutton.

Walter Slack, of San Francisco, Cal., for appellant Trust Co.

*Rehearing denied March 31, 1930.

George J. Hatfield, U. S. Atty., and George N. Crocker, Asst. U. S. Atty., both of San Francisco, Cal.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge.

This is an action under the National Prohibition Act (27 USCA), to abate as a nuisance the premises known as Hotel Golden, San Francisco. The appellants, Crocker First Federal Trust Company and George Sutton, are, respectively, the owner and lessee of the premises. It is alleged in the complaint that the premises were being used and maintained as a place where intoxicating liquor was habitually and recurrently manufactured, sold, bartered, stored, and kept in violation of the National Prohibition Act, and that the premises were public, and a common nuisance. The decree of the court found that the allegations of the complaint were true, that the hotel was a common nuisance, as defined in section 21, title 2 of the National Prohibition Act (27 USCA § 33), required that the nuisance should be abated by closing the hotel for one year, and provided that the premises should, however, be occupied by the owner upon furnishing a bond in the sum of $1,000, conditioned as specified in section 22, tit. 2, of the National Prohibition Act (27 USCA § 34), and that as a condition of reopening the premises under bond the tenants should be approved by the court. As to appellant Sutton, it was declared that the premises should remain closed. The decree therefore, in effect, provided that the premises could only be reopened during the year in the event that the owner gave a bond, and secured another tenant to be approved by the court.

The first question presented by the appellant is the claim that the evidence is insufficient to justify the decree. It appears from the evidence that on April 13th, the prohibition agent visited the premises, went to the office of the hotel and asked the person in charge for a pint of whisky. The person in charge called a man who took the prohibition agent to his room and there delivered to him the pint of whisky for which he paid $1.50. On April 19, 1928, the premises were raided and searched, in pursuance of a search warrant. At that time there were found twenty pints of home brew, a five-gallon bottle of gin, a partly filled jug containing gin, a ten-gallon keg of whisky, and a jug of whisky partly filled. On June 16th, the prohibition agent purchased a pint bottle of whisky at the office of the hotel, the defendant Sutton was present at the time the liquor was ordered but not when it was delivered. On June 18th, upon a new search of the hotel, 240 pints of beer, a ten-gallon keg of jackass whisky and a gallon jug thereof were found. The beer was found in the storeroom and the whisky in a light well, access to which was obtained from a window in the hotel. This evidence was amply sufficient to justify the decree, notwithstanding the denials and protestations of the lessee.

The next point presented by appellant Sutton is that "The District Court erred in refusing to transfer this case to the law side of the court that it might be set to trial before a jury." This was an equity case and we find no merit in the proposition. The argument advanced by the appellant under this heading is somewhat confusing, for he admits that under the National Prohibition Act, the action to abate a nuisance may be rightfully brought before a court of equity sitting without a jury. His contention seems to be that the facts do not warrant the abatement of a nuisance in an equitable proceeding. That point is already disposed of. The insufficiency of the evidence is discussed under a number of sub-heads in the brief of the appellant Sutton, but we think the various points are sufficiently disposed of by the conclusion that under the evidence above set forth the trial court was justified in its conclusion that the premises were a nuisance, and that the lessee had knowledge thereof.

The government witness who testified that he made a purchase of a pint bottle of whisky at 7:15 a. m. on June 16, 1928, from the wife of the proprietor, stated on cross-examination that he was alone when he entered the hotel and when he purchased the liquor. Thereupon, he was asked to write upon a piece of paper in order to identify the handwriting in the hotel register. The court directed counsel instead to let the witness pick his signature from the book. The district attorney objected that this was not proper cross-examination and the court then refused to allow counsel for the defendant to follow this line of examination, to which the defendant Sutton excepted, pointing out to the court that the handwriting would show that the witness had testified falsely, and, in fact, had spent the night at the hotel with a woman registered as man and wife. The witness had stated that he did not remember what name he gave and did not remember using the name Clyde Webber. Aft-

erward the defendant Sutton testified that the witness was accompanied by a woman and that he registered as Clyde Webber and wife. In view of the evidence, it was certainly proper for the court to require that the witness be shown the hotel register and the disputed signature, or at least an opportunity to identify his handwriting thereon, before embarking in an investigation of handwriting. It is required that a witness be shown documents containing statements alleged to conflict with his testimony before he is interrogated thereon (sections 2052, 2054, California Code of Civil Procedure; People v. Lambert, 120 Cal. 170, 52 P. 307; 40 Cyc. 2732, III), and the hotel register was alleged to be such a document. Moreover the offer was to impeach the witness and a witness cannot be impeached upon an immaterial or collateral matter, particularly when it is first brought on cross-examination. 40 Cyc. 2769. It was no doubt proper to allow a broad latitude in cross-examination, but the scope of the examination is largely in the discretion of the trial court (40 Cyc. 2672). There was no claim here of that broad right of cross-examination but the narrower right of impeachment. In the exercise of that discretion, the trial court could and should consider the rule that evidence merely tending to degrade a witness unnecessarily should be excluded. Davis v. Parsons, 165 Cal. 70, 81, 130 P. 1055; section 2065, Cal. Code Civ. Proc. The ruling of the trial court was not an abuse of discretion.

The appellant Sutton assigns as error the refusal of the trial court to allow counsel to sum up the evidence to the court, or to argue points of fact or of law before the submission of the case. The record shows that at the close of the evidence, counsel for the appellant Trust Company moved for a judgment of dismissal upon several grounds which was denied. Thereupon, counsel for appellant Sutton stated that he "would like to sum up a little." The court inquired, "What do you want to argue? It is simply a question of fact." Counsel then stated that he had a few authorities, and the court replied that it was not necessary, and rendered judgment for the plaintiff. In view of the fact that the evidence was not of large volume, and was fresh in the memory of the judge, and that the right to an abatement was statutory, and the statute is clear in terms, we cannot see how appellant was prejudiced by the action of the trial judge, who, by reason of long experience in such matters,

was thoroughly familiar with the law on the subject.

With reference to the provision in the decree that the tenant secured by the landlord to occupy the premises should be approved by the court, to which the appellants object, we are inclined to agree with the circuit court of appeals of the second circuit that where a statutory bond is exacted of the owner as a condition of reopening the premises, that the court should not, in addition thereto, require that the prospective tenant be approved by the court. U. S. v. Pepe, 12 F.(2d) 985, 986. The trial court in its discretion might have ordered the premises closed for a year, and did so as to appellant Sutton. If, however, in its discretion it permitted the premises to be opened, the giving of the bond was the method provided by law for preventing the reestablishment of a nuisance. The decree is modified by striking therefrom the following provision: "and it is further provided that as a condition to allowing said defendant Crocker First Federal Trust Company to open said premises under bond as aforesaid the tenant must be approved by this court."

The decree, as thus modified, will still prevent appellant Sutton from occupying the premises for the period of one year, and as so modified the decree is affirmed.