## CARSWELL v. RAILWAY MAIL ASS'N.

(Circuit Court of Appeals, Fifth Circuit. October 21, 1925.)

No. 4593.

Insurance ⟨⟩455—Acute dilatation of heart and muscles from voluntary exertion not injury from "external, violent, and accidental means."

One who by voluntary exertion in effort to crank automobile, caused an acute dilatation of his heart and muscles thereof, from which he died within two days, held not to have sustained injury as result of "external, violent,' and accidental means," within meaning of insurance policy.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, External, Violent, and Accidental Means.]

In Error to the District Court of the United States for the Southern District of Georgia; William H. Barrett, Judge.

Action by Rosa A. Carswell against the Railway Mail Association. Judgment of nonsuit, and plaintiff brings error. Affirmed.

E. K. Wilcox, of Valdosta, Ga. (Parker, Parker & Quarterman, of Waycross, Ga., and T. G. Connell, of Valdosta, Ga., on the brief), for plaintiff in error.

Leon A. Wilson and Larry E. Pedrick, both of Waycross, Ga. (Wilson, Bennett & Pedrick, of Waycross, Ga., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was an action by the plaintiff in error, the beneficiary in a benefit certificate issued to her husband, which provided for the payment to her of a stated sum in the event of the death of her husband, resulting from bodily injury received during the continuance of the certificate through external, violent, and accidental means, if his death should result from such injury alone within 120 days. The petition contained allegations to the effect that the insured, during the continuance of the certificate, in cranking or undertaking to crank an automobile, was injured by the acute dilatation of his heart and the muscles thereof, such condition of dilatation being the direct and immediate result of external, violent and accidental means, and that from said result alone he died within 2 days from the time said injury was received. Those allegations were put in issue. At the conclusion of the evidence, the court ordered an involuntary nonsuit.

Evidence adduced tended to prove that the death of the insured was due to dilatation of his heart, which was caused by his cranking or attempting to crank an automobile. The circumstances of his attempting to crank the car were deposed to by eyewitnesses. That testimony was to the following effect: After the insured discovered that he could not start the car with the self-starter, because that appliance would not work, his son undertook, without success, to crank it. Thereupon the insured took hold of the crank, and kept hold of it while it was spinning, without starting the motor, until he let go, raised up, and took a long breath, as if he was exhausted. The running gear of the car was low, so that to crank it one had to lean over to catch the crank and spin it. The testimony of the plaintiff included the following: "In undertaking to crank the car and in spinning the crank he twisted his body; it was in the same way that automobiles are usually cranked." There was no evidence tending to prove that insured leaned or twisted his body, otherwise than intentionally, or that anything unforeseen or unintended occurred while he was trying to crank the car.

Where one voluntarily undergoes physical exertion, and nothing unexpected or unintended happens while he is doing so, the fact that such exertion unintentionally and unexpectedly causes injury does not make the means whereby such injury is caused, namely, the voluntary exertion, accidental. The physical injury caused by voluntary exertion or strain, which is unaccompanied by anything which is involuntary, unforeseen, and unusual, is not a result of "external, violent, and accidental means," within the meaning of the instrument sued on. Cobb v. Preferred Mutual Accident Association, 96 Ga. 818, 22 S. E. 976; Fulton v. Metropolitan Casualty Ins. Co., 19 Ga. App. 127, 91 S. E. 228; Whitehead v. Railway Mail Associ-

ation (C. C. A.) 269 F. 25; Hastings v. Travelers Ins. Co. (C. C.) 190 F. 258. The correctness of the just stated proposition was recognized in the opinion in the case of United States Mutual Accident Association v. Barry, 131 U. S. 100, 121, 9 S. Ct. 755, 33 L. Ed. 60. There was evidence in that case to support a finding that the jump which resulted in injury was not accomplished in the manner intended, and that something unexpected and involuntary happened to prevent the success of the attempt. As above indicated, there was no evidence in the instant case to support a finding that anything unexpected or involuntary happened while the insured was trying to start the car. The evidence adduced required the conclusion that the death of the insured was caused by his own voluntary act in trying to start the car, and was inconsistent with the conclusion that the injury causing death was received through external, violent, and accidental means within the terms of the certificate. It follows that the ruling complained of was not erroneous.

Affirmed.