**BALDWIN v. NORTH AMERICAN ACC. INS. CO. OF CHICAGO.**

Circuit Court of Appeals, Fifth Circuit. October 27, 1927.

No. 5084.

Insurance ⟨⟩455—Strain resulting from voluntary exertion held not "accidental injury," within terms of policy.

A bodily injury through strain resulting from voluntary exertion in attempting to hold an automobile, which had started to move from a jack, *held* not an injury "though accidental means * * * and resulting directly, independently, and exclusively of all other causes," within the terms of an insurance policy.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accident —Accidental.]

Appeal from the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Suit in equity by Mrs. Magnus F. Baldwin, guardian of John Baldwin, against the North American Accident Insurance Company of Chicago. Decree for defendant, and complainant appeals. Affirmed.

Walter McElreath and Thomas Howell Scott, both of Atlanta, Ga., for appellant.

Grover Middlebrooks and Chauncey Middlebrooks, both of Atlanta, Ga. (Bryan & Middlebrooks, of Atlanta, Ga., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. In November, 1919, the appellee, in pursuance of a written application made by John Baldwin (herein called the insured), issued its accident and health policy of insurance to him, which, subject to the conditions, limitations, and provisions therein contained, insured against: "(1) Bodily injury sustained during the term of this policy through accidental means (excluding suicide, sane or insane, or any attempt thereat, sane or insane), and resulting directly, independently, and exclusively of all other causes, in (a) immediate, continuous, and total disability that prevents the insured from performing any and every kind of duty pertaining to his occupation; (b) partial disability (the provision on that subject not being set out in full in the record); (c) death. (2) Illness, as hereinafter defined," etc. The policy provided for the payment to the insured of a stated sum weekly, in case of his suffering total disability, so long as he suffers such total disability. In September, 1922, while the policy remained in force, the insured sustained personal injuries in the way hereinafter stated. Upon his making a claim of total disability sustained by such injuries, the insurer, after investigation, claimed that it was influenced to issue the policy by material false representations made by the insured in his application for insurance, tendered to the insured a check for the full amount of all premiums that had been paid, and demanded the surrender of the policy. The insured accepted the check tendered, which was paid on presentation to the drawee, and complied with the insurer's demand by surrendering the policy in November, 1922.

In July, 1925, the appellant, suing as guardian of the insured, brought a suit against the appellee in a Georgia state court, in which suit the relief sought was: That the pretended cancellation of said policy be decreed to have been void, that the same be set aside, that the policy be declared to be of full force, and that appellant have and recover of the appellee the amount of indemnity which has accrued under the policy, less such premiums as have accrued, or which may accrue upon said policy. The petition in that suit contained allegations to the following effect: In September, 1922, while the policy was in full force, the insured became totally disabled, so as to prevent him from performing any and every kind of duty pertaining to his occupation, "such disability occurring as the result of a strain in changing an automobile tire on the 1st day of September, 1922, for which disability he was then treated by" a named regularly licensed physician, "and such total disability has continued since said date and still continues." As the result of such injury and the total disability resulting therefrom, immediately after the beginning thereof, the insured became disabled mentally, as well as physically; such mental disability being such from the date of his injury as to render him non compos mentis and incapable of managing his estate. When the insured accepted the

insurer's check for the amount of premiums paid, and surrendered the policy, he was mentally incapable of making any contract.

In July, 1925, petitioner was by a named court appointed guardian for the insured, on the ground that he was mentally incapable of managing his estate. Petitioner did not discover that the insured had surrendered said policy until the month of May, 1925, and as soon thereafter as she could acquaint herself with the facts she tendered to appellee the amount paid by it to the insured and demanded the reinstatement of the policy. That tender and demand were refused. That suit was removed to the court below. The appellee's answer to that petition put in issue material allegations thereof, alleged the making by the insured of material false representations in his application for insurance, set up a provision of the policy that no action thereon shall be brought at all, unless brought within two years from the expiration of the time within which proof of loss is required by the policy, and contained a prayer for a decree canceling said policy and declaring that it has never been in force. The suit was transferred to the equity side of the court, and the trial of it resulted in a decree dismissing it.

The undisputed evidence as to the immediate cause of the bodily injury which was claimed to have resulted in the insured's total disability was to the following effect: While the insured and another man were traveling in an automobile, one of the tires of the car was punctured. Thereupon, after the insured had jacked the car up, the car started to move from the jack, and the insured attempted to hold the car by bracing himself against it. Upon making that effort he said he had hurt himself, or had strained himself in some way, walked off, and sat down under a tree, and his companion repaired the puncture. No evidence indicated that anything unintended or unexpected occurred, except the injury which resulted from the attempt to stop the movement of the car. That a personal injury so brought about by voluntary physical exertion is not sustained through accidental means, within the meaning of such a policy as the one sued on, has been decided by this court in a case involving facts not materially different from those of the instant case. Carswell v. Railway Mail Ass'n, 8 F.(2d) 612. We conclude that the evidence adduced did not authorize a recovery under the feature of the policy which insured against bodily injury sustained through accidental means.

In the argument for the appellant attention was called to the fact that the policy is one insuring against illness, as well as against bodily injury through accidental means, and it was suggested that the evidence was sufficient to support a recovery under the provision of the policy insuring against illness. This suggestion is not consistent with the claim asserted in appellant's petition. The only claim asserted in that pleading was based on the feature of the policy which insured against bodily injury sustained through accidental means. It did not attempt to allege that the insured had had any such illness as the policy insured against. Illness insured against not only was not alleged but the record indicates that there was no attempt to prove any such ground of liability. The statement of the evidence includes a statement to the effect that the material portions of said policy are "set out as Exhibit A hereto." That document omits the part of the policy which shows what illness was insured against. The above-quoted part of the policy, "(2) Illness, as hereinafter defined," etc., indicates that a succeeding part of the policy defined the illness insured against. The succeeding part of the policy, which is copied in Exhibit A, contains no provision on the subject of illness. The record does not disclose what illness was insured against. It justifies the conclusion that the contention that appellant had the right to recover under the feature of the policy insuring against illness was an afterthought, which did not occur to counsel until after the case had been tried, and the statement of the evidence for the purpose of an appeal had been prepared and approved. That contention is without merit, because both the allegations and the evidence requisite to show the existence of such a right to recover are lacking.

As under the pleadings and the evidence adduced appellant was not entitled to recover, though the policy remained in full force, and appellant's suit on it was not barred by the provision of the policy which was invoked by the appellee, it is not material to determine whether the insured's surrender of the policy for cancellation was voidable at the instance of the appellant, or whether the suit based on the policy as a subsisting obligation of the appellee was barred by limitation. Appellant was not legally prejudiced by adverse rulings with reference to an instrument under which she did not have the right of recovery which she asserted.

The decree is affirmed.