## ANDERSON v. TRAVELERS' PROTECTIVE ASS'N OF AMERICA.
### No. 7537.

Circuit Court of Appeals, Fifth Circuit.

Dec. 18, 1934.

D. A. Frank, of Dallas, Tex., for appellant.

Perry S. Robertson and Martin J. Arnold, both of San Antonio, Tex., and Maurice P. Phillips, of St. Louis, Mo., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

Anderson, having a certificate of accident insurance issued by the Travelers' Protective Association, died, and his widow as beneficiary sued, asserting that the death was caused by accident within the coverage of the certificate. A verdict was instructed against her, and she appeals, with this ruling as the only assigned error. The material provisions of the insurance are these: A promise to pay "$5,000 if killed by accidental means," "whenever a member in good standing shall, independently of all other causes, through external, violent and accidental means receive bodily injuries which shall solely and exclusively cause death," but not "when there are no visible marks of injury on the body" or "when the result of voluntary overexertion. * * *" Anderson on September 30, 1932, was driving with one Foster in Anderson's automobile. It became mired down, and they worked with it for several hours, Anderson using a screw jack, both carrying large stones and using a pry to raise the wheels, which kept slipping back into the mud. Anderson at length said he was very tired, and sat down by the side of the road, looking pale and bad. He did not complain of pain or any injury, and Foster saw nothing happen that looked like an accident or injury to his body, but he could not positively say that none occurred. Anderson was a young man, apparently in good health previously, but, after getting the car out of the mud and reaching destination, he ate but little dinner, saying he felt nauseated. He stated next morning that he slept badly, and he took only a light breakfast. At work that day he looked sick, became nauseated and vomited. Foster drove him home and put him in his wife's charge. He got worse, eating and sleeping but little, and after two days a doctor was summoned, who from his complaints thought he had influenza. Anderson got yet worse, was taken to the hospital and tested for infections, kidney, liver, and other troubles without any satisfactory diagnosis resulting. His blood lost red and increased white corpuscles. His stomach swelled. He had high fever and delirium, and on October 9th died. No bruises appeared on his body, and he complained to no one of any bodily injury. Five doctors testified for the plaintiff, giving opinions as to the cause of death which did not wholly agree, but for the most part dwelt on peritonitis caused by some rupture of a blood vessel or duct of the pancreas. They all thought the rupture probably due not to disease, but to traumatism, explaining that they meant by traumatism either a blow or a strain causing rupture, and they thought the rupture came from his exertions about the car. An autopsy was refused by Mrs. Anderson.

The burden was on the plaintiff to show a death resulting solely and exclusively from a bodily injury received through external, violent, and accidental means rather than through overexertion. There was no direct evidence of such an injury, but the burden of course could be borne by circumstantial evidence which fairly proved such injury. There is a possibility that Anderson might have fallen or been struck in some way while working with the car, but this supposition is rebutted by the facts that he had no bruise and made no such complaint, and had at first no localized pain, but only weakness and nausea. The eyewitness, Foster, saw no such thing happen. It is more likely that some rupture occurred through voluntary overexertion and not through any external, violent,

and accidental means. That voluntary overexertion or strain bringing on fatal results is not such means is established by the decisions in Carswell v. Ry. Mail Ass'n (C. C. A.) 8 F.(2d) 612; Baldwin v. North American Accident Ins. Co. (C. C. A.) 22 F.(2d) 111; Landress v. Phœnix Mutual Life Ins. Co., 291 U. S. 491, 54 S. Ct. 461, 78 L. Ed. 934. Moreover, in this insurance death from voluntary overexertion is expressly excluded. A bare possibility of an external violent accident is not enough. The evidence ought to show its probability under all the circumstances in order to make a jury question, and such probability does not here appear. Lyon v. Travelers' Protective Association (C. C. A.) 25 F.(2d) 597; Wallace v. Standard Accident Insurance Co. (C. C. A.) 63 F.(2d) 211.

Judgment affirmed.